# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, *as Trustee for Luminent Mortgage Trust 2007-1*, <br><br> Plaintiff, <br><br> v. <br><br> SEAN THOMAS WASGREN, *et al.*, <br><br> Defendants. | Case No. SA CV 17-0980 JLS (JCGx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On June 7, 2017, Michael Miller[1] ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request

---

[1] Defendant's Notice of Removal names "A. Martines" as Defendant and references a case in the Los Angeles County Superior Court, but this appears to be a typographical error. (*See* Notice at 1.) The Court takes judicial notice of the fact that Michael Miller is a defendant in this action and that the instant case originated in the Orange County Superior Court, based on Orange County Superior Court records. *See* https://ocapps.occourts.org/civilwebShoppingNS/ShowUDCase.do?index=0&number=30-2016-00871727-CL-UD-NJC&tab=0#caseAnchor; *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings).

1

to proceed *in forma pauperis* ("Request"). [Dkt. Nos. 1, 3.] The Court has denied Defendant's Request under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and so removal is improper. Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer. [*See* Notice at 2.] "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). In the Notice, Defendant claims that Plaintiff has violated his "right to due process, a federal issue." (Notice at 2.) However, Defendant fails to allege that any federal law appears on the face of Plaintiff's well-pleaded complaint.[2] (*See generally* Notice); *see also Caterpillar*, 482 U.S. at 392. Thus, there is no basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim"); *U.S. Bank Nat'l Ass'n v. Beas*, 2012 WL 37502 at *1 (C.D. Cal. Jan. 6,

---

[2] Plaintiff fails to provide a copy of the underlying complaint for the Court's inspection, as is required under 28 U.S.C. § 1446(a). Notably, such failure constitutes an independent basis for remand. *See B.C. v. Blue Cross of Cal.*, 2012 WL 12782, at *2 (C.D. Cal. Jan. 3, 2012) ("Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.").

2

2012) (remanding unlawful detainer action to state court where Defendant alleged due process violation).

    Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: June 12, 2017

                               HON. JOSEPHINE L. STATON
                               UNITED STATES DISTRICT JUDGE